UNITED STATES of America, Plaintiff,

v.

Alex GARCIA, Defendant.

Crim. A. No. 88–10102–01.

United States District Court,
D. Kansas.

June 12, 1990.

## MEMORANDUM AND ORDER

THEIS, District Judge.

This matter is before the court for the purposes of issuing a written decision explaining the court's upward departure from the Sentencing Guidelines. 18 U.S.C. § 3553(c). The defendant pleaded guilty to a two count indictment charging him with preparation of false immigration documents, in violation of 18 U.S.C. § 1001. The Guideline range was 18–24 months. The court sentenced the defendant to a 36 month term. The court now issues the following statement of reasons for its departure from the Guidelines.

The offense conduct involved the preparation of fraudulent immigration documents in the Garden City, Kansas area. The documents were prepared for illegal aliens to obtain the status of special agricultural workers. The defendant was the organizer and ringleader of a large operation. One individual, who has since been charged and sentenced in a companion case, started his own operation after learning from the defendant how to falsify the documents. Two other individuals were charged in the instant case. Garcia had between ten and fifteen people working for him.

The defendant's conduct resulted in a significant disruption of a governmental function. The number of illegal aliens who are holding false documents prepared by Garcia is in excess of 500. The government is the victim of this offense. The Immigration and Naturalization Service cannot take any administrative action against the holders of the false documents under the Amnesty Program. The government can only prosecute them criminally for the false documents. If the government were to pursue the holders of the false documents, the cost to the government in terms of time and money would be extremely high. As a practical matter, it does not appear likely that the government will be able to prosecute the recipients of the false documents.

The defendant earned a significant amount of money from his illegal activities. The government estimates that in a seven month period the defendant prepared approximately 400 documents at $300 per document, for a total of $120,000. It is estimated that the defendant may have earned as much as $200,000 from this illegal operation. During this time period, the defendant was also receiving welfare. The defendant is presently indigent and is receiving the assistance of appointed counsel.

The court believes that the above stated reasons were not adequately considered by

the United States Sentencing Commission in formulating the Guidelines and justify an upward departure from the Guidelines. The magnitude of the offense is not adequately reflected in the Guideline range. These findings shall be attached to and considered a part of the judgment and commitment order entered by the court.

IT IS BY THE COURT THEREFORE ORDERED that the above statements justifying departure from the Guidelines shall be attached to the judgment and commitment order.